NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50129 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00098-DSF-1 |
| v. | |
| XAVIER DEMEAL LEJEUNE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted April 7, 2020[**]

Before:     TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Xavier Demeal Lejeune appeals from the district court's judgment and

challenges the 136-month sentence imposed following his guilty-plea conviction

for possession with intent to distribute methamphetamine and ketamine, in

violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and (b)(1)(E)(i).  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lejeune first contends that the district court erroneously denied him a minor-role reduction under U.S.S.G. § 3B1.2.  We review the district court's interpretation of the Guidelines de novo, its factual findings for clear error, and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).  Contrary to Lejeune's argument, the record reflects that the district court properly considered the factors listed in the commentary to the minor-role Guideline, *see* U.S.S.G. § 3B1.2 cmt. n.3(C), and conducted the requisite comparative analysis when it assessed whether Lejeune was "substantially less culpable than the average participant," U.S.S.G. § 3B1.2 cmt. n.3(A).  The district court's findings that Lejeune was a highly trusted member of the drug enterprise and had made a business out of transporting large quantities of drugs by air travel were not clearly erroneous, and the district court did not abuse its discretion by concluding that Lejeune was not entitled to a minor-role reduction.  *See* U.S.S.G. § 3B1.2 cmt. n.3(C).

Lejeune next contends that his sentence is substantively unreasonable.  The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances. *See Gall*, 552

U.S. at 51.

Lejeune's unopposed motion to file the reply brief under seal is granted. The Clerk will file under seal the reply brief (Docket Entry No. 33-2) and the motion to seal itself (Docket Entry No. 33-1). The Clerk will file publicly the redacted reply brief at Docket Entry No. 34.

**AFFIRMED.**